UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RAJAN PATEL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MEHARRY MEDICAL SCHOOL,<br><br>　　　　Defendant. | Case No. 3:18-cv-01199<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

# REPORT AND RECOMMENDATION

In this action, pro se and *in forma pauperis* Plaintiff Rajan Patel alleges that Defendant Meharry Medical School violated the Americans with Disabilities Act (ADA) when it refused to review his application for a residency because Patel "needed a reasonable accommodation due to a slight disability." (Doc. No. 1, PageID# 7.) Now pending is Meharry's motion to dismiss (Doc. No. 21), in which it argues that Patel's complaint was untimely filed and that he has failed to plead a cause of action under the ADA (Doc. No. 22). Patel filed a response in opposition. (Doc. No. 23.) For the reasons that follow, the Court will recommend that Meharry's motion to dismiss be granted.

## I.　　Factual and Procedural Background

Patel filed this action in the United States District Court for the District of Maryland on July 24, 2018, alleging that "[Meharry] denied to review [his] application because [he] needed a reasonable accommodation due to a slight disability. This is a breach of EEO law and was investigated by the Tennessee Human Rights Commission." (Doc. No. 1, PageID# 7.) There are no other substantive allegations in Patel's complaint. Based on that two-sentence claim, Patel seeks admission to the school as a resident or an opportunity to interview for that position. (Doc. No. 1.)

On July 26, 2018, the District of Maryland court entered a case management order that, among other things, required the parties to seek leave to file any motion, including a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b). (Doc. No. 3.) On August 31, 2018, Meharry filed a notice of intent to file a motion to dismiss arguing that Patel's complaint is untimely because it was filed more than ninety days after he received a right to sue letter from the Equal Employment Opportunity Commission (EEOC) and that Patel's "barebones allegations" are insufficient to state a claim. (Doc. No. 5, PageID# 31.) Meharry also argued that the court lacked personal jurisdiction over it and that the Middle District of Tennessee is the proper venue for this action. (Doc. No. 5.) Patel responded to Meharry's notice by stating that he did not oppose a transfer to this district and arguing that his complaint was timely filed because he did not receive the right to sue letter until May 3, 2018, in email correspondence with an EEOC employee. (Doc. No. 11.) Patel attached that email and various other documents relating to his claim to his response. (Doc. No. 11-1.)

On October 24, 2018, the District of Maryland granted the parties' joint motion to transfer this action to the Middle District of Tennessee. (Doc. Nos. 12, 13.) On November 26, 2018, Patel filed an application to proceed *in forma pauperis*, which the Court granted, finding that, although the complaint was "devoid of detail," Patel had stated a claim under the ADA that was sufficient to survive initial screening under 28 U.S.C. § 1915(e)(2). (Doc. No. 19, PageID# 105.) However, the Court noted that its "determination that the Complaint states a colorable claim for purposes of this initial screening" did not preclude Meharry from filing a motion to dismiss for failure to state a claim nor deprive the Magistrate Judge of the authority to recommend that such a motion be granted. (*Id.* at PageID# 106.) Meharry filed its motion to dismiss on January 7, 2019, arguing that

Patel failed to plead a cause of action under the ADA and that, in any event, the action was untimely. (Doc. Nos. 21, 22.)

In opposition, Patel again points to the May 3, 2018 email from the EEOC as proof that he did not receive the right to sue letter until that time. (Doc. No. 23.) Patel then argues that "[i]t is very clear to decipher" from the other documents he filed in support of his response to Meharry's notice that he "was seeking a reasonable accommodation of the [Meharry's psychiatric residency] program accepting [his] application late because [he] had a temporary hand injury." (*Id.* at PageID# 120.) Patel also expands significantly on the allegations of his complaint in his response. (*Id.*)

On May 14, 2019, the Court construed Patel's response as a motion to amend his complaint to include the additional allegations and granted him leave to do so, setting a deadline of May 28, 2019, to file a proposed amended complaint containing all of his allegations against Meharry. (*Id.*) The Court warned Patel that, if he failed to file a proposed amended complaint as directed, the Court would "likely treat his current complaint as the operative pleading and issue a report and recommendation on [Meharry's] motion to dismiss based on the sufficiency of that filing." (*Id.* at PageID# 132.) Patel did not file a proposed amended complaint.

**II.     Legal Standard**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court views Patel's allegations in the light most favorable to him and accepts all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). To meet it, Patel must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (alteration omitted) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Finally, because Patel proceeds pro se, the Court construes his complaint "liberally" and holds it "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III.     Analysis**

The analysis that follows is limited to the brief allegations of Patel's original complaint.[1] Meharry rightly argues that the allegations of Patel's complaint are too conclusory to state a claim under the ADA. Given that finding, the Court need not address Meharry's additional argument that Patel's claim is untimely.

Congress enacted the ADA to protect people with disabilities from discrimination in three major areas: employment (Title I); public services, programs, and activities (Title II); and public

---

[1]     In other cases, courts have considered allegations made outside the complaint in ruling on a motion to dismiss a pro se plaintiff's claims on the basis that the plaintiff could amend the complaint to include those allegations. *See, e.g.*, *Harding v. Davidson Cty. Sheriff's Office*, No. 3:13-cv-0449, 2013 WL 5774937, at *3 (M.D. Tenn. Oct. 25, 2013). Here, the Court expressly afforded Patel the opportunity to amend his complaint and he did not do so, despite being warned that such a choice would likely confine the Court's analysis to his original allegations. *See Alessio v. United Airlines, Inc.*, No. 5:17-cv-1426, 2018 WL 902334, at *7 (N.D. Ohio Feb. 15, 2018) (finding that, if pro se plaintiff failed to file an amended complaint expanding the allegations of her-failure-to-accommodate claim, the court would grant the defendant's motion to dismiss her original complaint).

accommodations (Title III). 42 U.S.C. §§ 12101(b)(4), 12111–17, 12131–34, 12181–89. Patel's claim that he was denied an opportunity to apply for a residency position at Meharry falls under Title I, which provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."[2] 42 U.S.C. § 12112(a). A covered employer is one that employed more than fifteen employees for each working day of twenty calendar weeks in the current or preceding calendar year. *Id.* § 12111(5)(A). A "qualified individual" is one who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* § 12111(8).

An employer discrimination on the basis of disability under the ADA if it fails to provide a reasonable accommodation "to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee[.]" *Id.* § 12112(b)(5)(A). A reasonable accommodation in the job application process "enable[s] a qualified applicant with a disability to be considered for the position such qualified applicant desires[.]" 29 C.F.R. § 1630.2(o)(1)(i). To state a failure-to-accommodate claim, Patel must allege that he (1) has a disability, (2) was qualified for the position for which he applied, and (3) requested a reasonable

---

[2] Although a "postgraduate private school" is "a public accommodation" within the meaning of Title III, 42 U.S.C. § 12181(7)(J), "[t]erms and conditions of employment are covered under Title I, not Title III[,]" *Kortyna v. Lafayette Coll.*, 47 F. Supp. 3d 225, 234 (E.D. Pa. 2014) (quoting *Ford v. Schering–Plough Corp.,* 145 F.3d 601, 612 (3d Cir.1998)). *See Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1015 (6th Cir. 1997) (explaining that the "ADA expressly limits discrimination in employment practices to Title I of the ADA").

accommodation that was denied. *Eachus v. Haslam*, No. 3:15-cv-944, 2016 WL 323675, at *8 (M.D. Tenn. Jan. 27, 2016).

Patel's two-sentence complaint is insufficient to state a plausible failure-to-accommodate claim. As Meharry rightly argues, the complaint is devoid of any factual support for Patel's claim, such as the nature of his alleged disability or his alleged request for an accommodation. These deficiencies are fatal to Patel's action. *See Alessio*, 2018 WL 902334, at *6 (finding that a complaint that does not describe the plaintiff's alleged disability at least in general terms fails to state a claim under the ADA); *Eachus*, 2016 WL 323675, at *8 (finding that plaintiff had failed to state a failure-to-accommodate claim where the complaint lacked factual allegations "describing or identifying any accommodation that [plaintiff] needed . . . , the reasonableness of that accommodation, any request [plaintiff] made for that accommodation, or any denial by the defendants of her request").

### IV. Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that Meharry's motion to dismiss (Doc. No. 21) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 6th day of August, 2019.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge